**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Miller,<br><br>  Plaintiff,<br><br>vs.<br><br>Donald Sloan, Facility Health Administrator; Ronolfo Macabuhay, Healthcare Provider; and Richard Pratt, Medical Services Administrator,<br><br>  Defendants. | No. CV-04-19-PHX-DGC (LOA)<br><br>**ORDER** |

Pending before the Court are the parties' motions for reconsideration of the Court's order granting partial summary judgment in Defendants' favor. Docs. ##90, 93. Also pending is Plaintiff's motion for appointment of counsel and Defendants' motion for enlargement of time to submit the proposed final pretrial order. Docs. ##89, 95. For the reasons set forth below, the Court will deny the motions for reconsideration and motion for appointment of counsel and grant the motion for enlargement of time.

**I.    The Motions for Reconsideration.**

Plaintiff commenced this action by filing a pro se civil rights complaint against Defendants on January 5, 2004. Doc. #1. Plaintiff alleged in an amended complaint that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his

serious medical needs. Doc. #50. Specifically, Plaintiff alleged that he has irritable bowel syndrome ("IBS") and that Defendants failed to renew his Metamucil and Bentyl prescriptions because they were too expensive. He also alleged that Defendants refused his request for a "no spice" diet because he was not allergic to spices. *Id.*

On December 1, 2005, the Court granted summary judgment in Defendants' favor with respect to the no spice diet and Metamucil claims and denied summary judgment with respect to the Bentyl claim. Doc. #87. Plaintiff contends that the Court erred by misinterpreting facts and improperly weighing evidence in Defendants' favor. Doc. #90 at 2-4. Defendants contend that the Court erred because Plaintiff offered no evidence that he was denied Bentyl due to its costs other than his own "self-serving" declaration. Doc. #93 at 5-6. Defendants further contend that it is unclear whether Defendants Sloan and Pratt remain in the case. *Id.* at 6. Defendants argue for the first time that "neither Defendant Sloan nor Pratt were involved in prescribing, approving, or ordering Bentyl for Plaintiff[.]" *Id.* at 7.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). A motion for reconsideration may be granted if (1) the movant makes a convincing showing that the Court failed to consider material facts presented to the Court before the order was issued, (2) there are newly discovered material facts that the movant could not have discovered through reasonable diligence before the order was issued, or (3) material facts have occurred or the law has changed after the order was issued. *See Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The parties have not met this standard. They simply ask the Court to reconsider its prior rulings and, in the case of Defendants, to consider a new argument. The Court will deny the motions for reconsideration.

## II.     Plaintiff's Motion for Appointment of Counsel.

In his motion for appointment of counsel, Plaintiff states that he has difficulty reading and writing because he is dyslexic. Doc. #89 at 2. Plaintiff further states that he knows nothing about preparing for trial, representing himself in court, or the rules and procedures he is required to follow. *Id.* Plaintiff claims that all of his filings in this case have been prepared with the assistance of a "jailhouse lawyer" named J.D. Merrick. *Id.*

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court does have discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

The main issue to be tried in this case is whether Plaintiff was denied a Bentyl prescription due to its cost. Given the conflicting testimony, the Court cannot conclude that Plaintiff is likely to prevail on this issue at trial. Nor can the Court conclude that Plaintiff is unable to continue to litigate the issue *pro se*. With the assistance of a fellow inmate, Plaintiff has filed numerous well-written documents in this case and has survived summary judgment on one of his claims. The Court finds that this case does not present "exceptional circumstances" requiring the appointment of counsel.

## III.     Defendants' Motion for Enlargement of Time.

Pursuant to the Court's order setting final pretrial conference, the parties are required to lodge a proposed final pretrial order by January 6, 2006. Doc. #88 ¶ 2. Counsel for Defendants moves the Court to extend this deadline to 45 days after the Court rules on the parties' motions for reconsideration. Doc. #95 at 2. Counsel seeks the extension

because she will be engaged in expert depositions in January 2006 and is scheduled to be in trial in another case starting on February 14, 2006. The Court will grant the motion because counsel has shown good cause for extending the pretrial order deadlines.

**IT IS ORDERED:**

1. The parties' motions for reconsideration (Docs. ##90, 93) are **denied**.
2. Plaintiff's motion for appointment of counsel (Doc. #89) is **denied**.
3. Defendants' motion for enlargement of time (Doc. #95) is **granted**.
4. The final pretrial conference shall be held on **March 10, 2006 at 4:00 p.m.**
5. The parties shall lodge the proposed final pretrial order and file a joint statement of the case and proposed voir dire questions, jury instructions, and forms of verdict by **February 17, 2006**.
6. The parties shall file all motions in limine by **February 17, 2006**. Responses to motions in limine shall be filed by **February 24, 2006**.

DATED this 6th day of January, 2006.

_David G. Campbell_
David G. Campbell
United States District Judge

- 4 -